IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| GEANA M. WATERS, | ) | CIVIL ACTION NO.: CV509-030 |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Geana M. Waters ("Plaintiff") filed applications for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits on May 9, 2007[1], alleging disability commencing on March 21, 2007. (R. 42). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (R. 16-34). On September 10, 2008, Administrative Law Judge G. William Davenport ("ALJ") held a hearing at which Plaintiff appeared and testified. (Id.). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act, and, therefore, was not eligible for Disability Insurance benefits and SSI payments. (R. 39-52). On March 5, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (R. 1-3).

---

[1] The ALJ's decision indicates the applications were filed on April 27, 2007. (R. 42). However, in the record before the Court, Plaintiff's applications are dated May 9, 2007. (R. 101 – 117).

In her complaint, Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. (Doc. No. 1, p. 2). Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or in the alternative, remand the case for a proper determination of the evidence. (Id. at 19). Defendant asserts the Commissioner's decision should be affirmed. (Doc. No. 20).

## ALJ'S FINDINGS

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pursuant to the Act, the Commissioner employs a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Id. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R.

§§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. Id. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the case *sub judice*, the ALJ followed the sequential process to determine that Plaintiff engaged in substantial gainful activity after her alleged onset date. (R. 44). However, the ALJ determined that Plaintiff did not engage in substantial gainful activity from January 1, 2008 through the date of his decision and proceeded through the sequential evaluation process for that time period. (R. 45). At step two, the ALJ determined that Plaintiff suffered from the following severe impairment: status-post aortic valve placement with minimal regurgitation. (Id.). At step three, the ALJ determined that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment. (R. 46). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations: frequent limitations in balancing and kneeling; occasional climbing, stooping, crouching and crawling; occasional climbing ladders, ropes and scaffolds; occasional bilateral reaching

(including overhead); no more than occasional exposure to inhaled irritations (e.g., dust fumes, smoke, chemicals or noxious gases); no more than occasional exposure to humid conditions; and mild to moderate fatigue. (Id.). At step four, the ALJ found that Plaintiff could not perform any of her past relevant work. (R. 49-50). At step five, the ALJ found that Plaintiff would be able to perform jobs that exist in significant numbers in the national economy, such as call out operator, surveillance systems monitor, telephone solicitor, information clerk, and space scheduler. (R. 51).

## ISSUES PRESENTED

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically Plaintiff asserts that the ALJ improperly evaluated Dr. Madonna's opinion, that the ALJ failed to provide a valid reason for rejecting Dr. Madonna's opinion, and that the ALJ improperly rejected only the part of Dr. Madonna's assessment that would lead to a finding that Plaintiff is disabled.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ's findings are not supported by substantial evidence. Plaintiff asserts that the ALJ improperly evaluated Dr. Madonna's opinion, that the ALJ failed to provide a valid reason for rejecting Dr. Madonna's opinion, and that the ALJ improperly rejected only the part of Dr. Madonna's assessment that would lead to a finding that Plaintiff is disabled.

The Eleventh Circuit has held that a treating physician's opinion is entitled to substantial weight unless good cause is shown. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Good cause for not adopting a treating physician's opinion exists when the medical opinion is conclusory, or unsupported by objective medical findings or substantial evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580, F.2d at 583. If the ALJ rejects the opinion of the treating physician, the judge must specify that he is doing so, and then must articulate his

reasons for not giving the opinion substantial weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Dr. Madonna completed a Medical Source Statement on January 10, 2008. (R. 300-04). In that assessment, Dr. Madonna concluded that Plaintiff could frequently lift less than ten pounds, occasionally lift ten pounds, stand and/or walk for at least two hours in an eight-hour day, and sit for about six hours in an eight hour day. (R. 301). Dr. Madonna also determined that Plaintiff had a limited ability to push and pull with her upper extremity; she could only occasionally climb, crouch, crawl, stoop, and reach; she had to lie down once or twice during a shift; and she needed to avoid concentrated exposure to wetness, humidity, fumes, and odors, and even moderate exposure to extreme cold and heat. (R. 300-03). Dr. Madonna added that Plaintiff would miss about two days of work each month. (R. 304). The ALJ noted in his hearing decision that Dr. Madonna had completed a Medical Source Statement, in which Dr. Madonna concluded that Plaintiff would need to lie down once or twice a shift, and was only capable of less than sedentary activities. (R. 49). The ALJ then concluded that Dr. Madonna's assessment was entitled to no evidentiary weight, as the opinion was not consistent with Dr. Madonna's own medical notes and the other medical evidence in the record. (Id.). Specifically, the ALJ noted that Dr. Madonna's opinion was not consistent with his treatment notes from November 21, 2007 to June 23, 2008, as those records established that Plaintiff was stable on medication, she had better energy, her breathing was stable, she experienced only occasional palpitations, and as of June 23, 2008, she had no chest pain, shortness of breath, or heart failure, and she was able to walk around and take care of a baby. (Id.). The ALJ next noted that Plaintiff's June 2007

and February 2008 Holter Monitor tests revealed no significant cardiac problems. (Id.). The ALJ noted that on September 29, 2008, Dr. Madonna observed that Plaintiff's lower extremity edema was only minimal, her occasional palpitations were not significant, and she had no other heart failure symptoms. (Id.). The ALJ further observed that Plaintiff's ejection fraction increased from March 2007 to November 2008, and her mitral regurgitation improved from its initial classification of mild to moderate in March 2007. (R. 49). The ALJ added that Dr. Madonna's severe restrictions were nondurational, as they did not last for a continuous period of twelve months. (Id.). Ultimately, the ALJ largely adopted Dr. Madonna's opinion, but concluded that the nondurational and unsupported limitations could not be accepted. (Id.).

As for Dr. Madonna's restrictions, a review of the record reveals that though Plaintiff was hospitalized in March and April of 2007 due to her cardiac impairment; by November 21, 2007, Dr. Madonna concluded that she was "clinically doing relatively well." (R. 376). Dr. Madonna also noted on March 3, 2008, that Plaintiff had been doing pretty well. (R. 367). As such, substantial evidence supports the ALJ's determination that the severe restrictions imposed by Dr. Madonna were not consistent with either his own treatment notes or the other evidence in the record (R. 49). See Edwards, 937 F.2d at 583; 20 C.F.R. § 404.1527(d)(3). The ALJ's articulated reason constituted "good cause" for rejecting Dr. Madonna's opinion according to Eleventh Circuit precedent. See Lewis, 125 F.3d at 1440; Edwards, 937 F.2d at 583) (holding that there is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by substantial evidence from the record).

Plaintiff further maintains that since the ALJ failed to properly refute Dr. Madonna's opinion, Dr. Madonna's assessment should be "accepted as true as a matter of law." (Doc. No 19, p. 13). However, the ALJ provided a valid basis for not following Dr. Madonna's opinion, as the ALJ found that Dr. Madonna's assessment was not consistent with his own treatment notes or the other evidence in the record. (R. 49). A review of the record demonstrates that the ALJ's decision on this issue is supported by substantial evidence. First, Dr. Madonna's assessment findings are not consistent with the contemporaneous observations from his examination reports. Dr. Madonna found on May 21, 2007, that Plaintiff was not experiencing any palpitations, she denied suffering from any chest pain, and her EKG demonstrated a normal sinus rhythm. (R. 259). On November 21, 2007, Dr. Madonna noted that while Plaintiff was not taking any medication or coming to her follow-up appointments; "[c]linically, she has been doing relatively well." (R. 376). Dr. Madonna also noted at that appointment that Plaintiff's breathing was okay, and her lungs were clear to auscultation. (R. 376). Two weeks later, Dr. Madonna noted that since Plaintiff re-started her medication, her energy was better, and her heart was not "beating funny." (R. 373). Dr. Madonna then observed on January 7, 2008, that Plaintiff's breathing was stable, she had only occasional palpitations, her lungs were clear to auscultation, and her extremities were clear. (R. 371). The following month, Dr. Madonna found that Plaintiff's breathing was okay, her intermittent palpitations were not causing "too many symptoms," her lungs were clear, and she had no edema in her extremities. (R. 369). Dr. Madonna also noted on March 3, 2008, that Plaintiff had been doing pretty well, her energy was better, her breathing was okay, her Holter Monitor results did not reveal any sustained arrhythmias, and her

AO 72A
(Rev. 8/82)

8

heart rate had only occasional irregularities "but nothing spectacular." (R. 367). Lastly, Dr. Madonna found on June 23, 2008, that Plaintiff's breathing was okay, she had no chest pain, shortness of breath, or heart failure, she was able to walk around and take care of a baby, and she was merely experiencing "occasional irregularities but nothing too bad when it comes to her heart." (R. 365).

The other evidence in the record also fails to corroborate Dr. Madonna's assessment findings. On April 26, 2007, Dr. Nessmith found that since Plaintiff was discharged on April 13, 2007, she "has been doing very well from a cardiovascular standpoint without any recurrent palpitations, dyspnea, or chest pain." (R. 214). Dr. Nessmith also observed that Plaintiff was in no acute distress, her heart rate and rhythm were regular, her respiratory effort was normal, her lungs were clear to auscultation and percussion bilaterally, she had no edema in her extremities, and her EKG revealed a sinus rhythm. (R. 214-15). Dr. Capallo determined on May 8, 2007, that Plaintiff was in no distress, she was feeling well, her lungs were clear with good breath sounds bilaterally, her cardiac examination revealed that no murmurs were present, and she had no peripheral edema. (R. 246). Dr. Capallo concluded that Plaintiff was "doing well from a surgical standpoint," and based on her examination she was back in sinus rhythm. (R. 246). As the ALJ properly rejected portions of Dr. Madonna's opinion, based on the evidence in the record, the "accepted as true" doctrine is not applicable.

Plaintiff additionally argues that the ALJ is not permitted to reject only the part of Dr. Madonna's assessment that would lead to a finding that she was disabled. (Doc. No. 19, p. 13). The ALJ is not permitted to pick only the evidence that will support one conclusion. Tienbert v. Heckler, 720 F.2d 1251 (11th Cir. 1983). The ALJ, however, is

obligated to evaluate every medical opinion that is submitted to determine what weight the assessment is entitled. 20 C.F.R. § 404.1527. Here, the ALJ credited the parts of Dr. Madonna's opinion that were supported by the evidence in the record, and rejected the portions of the assessment that were not corroborated. (R. 49). Plaintiff has failed to show any error by the ALJ, as the judge was merely following the regulatory requirements for assessing a treating physician's opinion, and as discussed above, his analysis was consistent with applicable Eleventh Circuit authority. See Edwards, 937 F.2d at 583. Plaintiff has failed to establish that the ALJ improperly evaluated Dr. Madonna's opinion. The ALJ evaluated Dr. Madonna's opinion, and determined that the assessment was inconsistent with Dr. Madonna's own medical records and the other evidence in the record. Substantial evidence supports the finding that Plaintiff is not disabled.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 21st day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE